NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

22-112
Consolidated with 22-109, 22-110, 22-111

STATE OF LOUISIANA

VERSUS

DARRIONE KENTRELL BELL

**********

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CONCORDIA, NO. 19-3540
(consolidated with 19-3539A, 19-3539B, 19-3539C)
HONORABLE JOHN C. REEVES, JUDGE

**********

CHARLES G. FITZGERALD
JUDGE

**********

Court composed of Sylvia R. Cooks, Chief Judge, and John E. Conery and Charles G. Fitzgerald, Judges.

CONVICTION AND SENTENCE AFFIRMED.

**Edward K. Bauman**
**Louisiana Appellate Project**
**P.O. Box 1641**
**Lake Charles, Louisiana 70602**
**(337) 491-0570**
**Counsel for Defendant/Appellant:**
      **Darrione Kentrell Bell**

**Bradley R. Burget**
**District Attorney**
**Joseph A. Boothe**
**Assistant District Attorney**
**4001 Carter Street, Suite 9**
**Vidalia, Louisiana 71373**
**(318) 336-5526**
**Counsel for Appellee:**
      **State of Louisiana**

**FITZGERALD, Judge.**

Defendant, Darrione Kentrell Bell, appeals his conviction and sentence for aggravated burglary.

## SUMMARY OF FACTS

Defendant was convicted of murdering three people. First, Rosie Hooper, an eighty-five-year-old woman, who was beaten and stabbed despite being bedridden. Second, her sixty-five-year-old son, Ellis Hooper, who was stabbed repeatedly in the neck while in bed. And third, Rosie's sixty-seven-year-old son, Johnny Lee Hooper, who was found beaten and stabbed in the kitchen of their home.

Defendant was also convicted of the aggravated burglary of the home of Charles Lyles, a seventy-nine-year-old man who lived near the Hooper residence. Defendant entered Charles's home armed with a lead pipe. Defendant fled when Charles brandished a rifle.

## PROCEDURAL HISTORY

In February 2020, a grand jury indicted Defendant under La.R.S. 14:30 for the first degree murder of Rosie Hooper. The trial court docket number for this charge is 19-3539A. The grand jury simultaneously charged Defendant with two more counts of first degree murder for the intentional killing of Rosie's two sons, Johnny and Ellis. The trial court docket number for Johnny's murder is 19-3539B. And the docket number for Ellis's murder is 19-3539C. In addition, Defendant was indicted under La.R.S. 14:60 for aggravated burglary. The trial court docket number for this charge is 19-3540.

Seven months later, in September 2020, the State filed a motion to consolidate the three murder charges. That motion was immediately granted. Five weeks after that, Defendant filed a motion to suppress the blood evidence obtained during his

warrantless arrest.  Two days later, the State filed a motion to consolidate the aggravated burglary charge with the murder charges.  And a few days after that, a contradictory hearing was held on Defendant's motion to suppress and the State's second motion to consolidate.  Defendant's motion was denied; the State's motion was granted.

Ultimately, on October 15, 2020, a twelve-person jury unanimously found Defendant guilty as charged on each count.  Two weeks later, on October 28, 2020, the trial court sentenced Defendant to life imprisonment without benefit of probation, parole, or suspension of sentence for each murder.  The trial court also imposed the maximum sentence of thirty years for the aggravated burglary. The sentences were ordered to run consecutively.

Thereafter, on December 17, 2020, Defendant filed a motion to reconsider sentence, which the trial court denied that same day.  Defendant now appeals his conviction and sentence for aggravated burglary.[1]

## LAW AND ANALYSIS

### I.      Errors Patent

In accordance with La.Code Crim.P. art. 920, we review appeals for errors patent on the face of the record.  After reviewing the record, we find no errors patent.

### II.     Defendant's Assignments of Error

Defendant raises the same three assignments of error in this docket number as he raised in in *State v. Bell*, 22-109, specifically (1) that the trial court erred in

---

[1] Defendant has also appealed his convictions and sentences for murdering Rosie Hooper, Johnny Lee Hooper, and Ellis Hooper.  Those appeals are addressed in three separate opinions. Specifically, our opinion in appellate docket number 22-109 reviews Defendant's conviction and sentence for the first degree murder of Rosie Hooper.  Our opinion in appellate docket number 22-110 reviews Defendant's conviction and sentence for the first degree murder of Johnny Lee Hooper. And our opinion in appellate docket number 22-111 reviews Defendant's conviction and sentence for the first degree murder of Ellis Hooper.

denying his motion to suppress evidence seized as a result of his warrantless arrest, (2) that the trial court erred in not ordering a mental health evaluation or presentence investigation report, and (3) that trial counsel was ineffective for failing to request a mental health evaluation or presentence investigation report and for failing to object to the introduction of crime-scene photographs at trial.

Thus, for the reasons set forth in *Bell*, 22-109, Defendant's conviction and sentence for aggravated burglary are affirmed.

## DISPOSITION

Darrione Kentrell Bell's conviction and sentence are affirmed for aggravated burglary are affirmed.

**CONVICTION AND SENTENCE AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules, Courts of Appeal, Rule 2-16.3